FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 1:04 pm, Jan 25, 2008

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| KIMBERLY WATSON HENDRIX | ) | |
| | ) | Number 06-41130 |
| *Debtor* | ) | |

## MEMORANDUM AND ORDER

### FINDINGS OF FACT

Debtor's Chapter 13 case was filed on August 17, 2006. She operated a business known as Scrap Happy at the time of filing and operated that business post-petition. At the time of filing, she anticipated relocating the business to a larger and more prominent space with the expectation that her business would be more profitable. Accordingly, shortly after filing, on September 1, 2006, she signed a lease with Whitemarsh Island Properties, LLP ("Applicant"). The lease was for a five year term with a base rent in the first year of approximately $15.00 per square foot or $3,975.00 per month. The lease was never submitted to the Court for approval because Debtor believed it was an ordinary course of business transaction which required no notice and hearing. Her plan was confirmed on October 31, 2006, and she continued to operate her business post-confirmation until June 2007, when due to mounting losses, she closed the business. The case was converted to Chapter 7 on June 21, 2007. Based on unpaid rents which accrued during the pendency of the case, Applicant seeks allowance of $35,055.88. <u>Application for Administrative Claim</u>,

AO 72A
(Rev. 8/82)

Dckt. No. 78, p.2 (Sept. 25, 2007). Applicant acknowledges that any future rents beyond the closing of the business are part of its general unsecured claim in the case.

The issue presented to the Court is not related to the amount of rent which accrued but instead to the Trustee's contention that administrative expense priority cannot be allowed because Applicant has not met its burden of proof in showing that the expense was necessary or beneficial to preservation of the estate. *See* 11 U.S.C. § 503(b). The total amount paid by Debtor to the Trustee during the pendency of her Chapter 13 case was approximately $3,000.00. Since her plan provided for payment of approximately $300.00 per month, her payments were current. In addition, she was making her regular monthly mortgage payments on her residence in which she had some equity. Unfortunately, Debtor's projected business revenues were approximately $12,000.00 per month, but actual revenues were approximately one-half that amount. Schedules and monthly operating reports show that from October 6, 2006, to June 8, 2007, the average gross income from the business was $6,176.06. The Trustee argues that because only $3,000.00 was paid to the Trustee for the benefit of creditors in the case, there is a huge imbalance in the administrative expense claim sought by Applicant and any benefit to the estate. Even recognizing that Debtor maintained her direct monthly payments of $950.00 to the mortgageholder, it is true that the amount of this claim dwarfs any amounts paid directly to or for the benefit of creditors during her Chapter 13. Amended Schedules I and J, Dckt. No. 19, pg. 2 (August 31, 2006). The Trustee also contends that because no Court approval was obtained and the Court made no specific findings at the time of confirmation concerning the lease which would have

established *ab initio* that the lease payments were reasonable administrative costs, the Court is free to determine any benefit to the estate with hindsight.

In response, Applicant argues that proportionality of the administrative expense and a tangible monetary benefit to creditors is not the test in a business case where the profit margin often is a small fraction of the gross revenues as a result of the high total business expenses. Applicant contends that the leased premises were necessary to the successful operation of her business and therefore necessary to the completion of her plan. Arguably, had Applicant acted during the pendency of the case to evict her, Applicant would have had to file a motion for relief from stay and overcome the contention that the leased premises was necessary to an effective reorganization. Applicant also disputes that viewing the benefit to the estate with hindsight is appropriate given the fact that it was an ordinary course of business transaction, since Debtor was operating a business from leased premises known by all parties, since she actually remained in business for several months and received gross revenues of approximately $55,548.58 during the pendency of the case.

Debtor has a single asset remaining that can be administered to benefit creditors: her residence, which has a potential equity of $65,000.00 and would yield a significant dividend after allowance of Debtor's exemption if it is sold for its current listing price or anything approaching that price.

## CONCLUSIONS OF LAW

Section 507(a)(1) provides a first payment priority to administrative expenses allowed under 11 U.S.C. § 503(b). Section 503(b)(1)(A) authorizes administrative expense treatment of claims for "actual, necessary costs and expenses of preserving the estate . . . " "While the breach of an executory contract or unexpired lease assumed under section 365 clearly results in an administrative claim, contracts initially entered into during reorganization, in order to qualify under section 503(b), must involve an actual, necessary cost or expense of preserving the estate." In re Airlift Intern., Inc., 761 F.2d 1503, 1509 n.5 (11th Cir. 1985); *see also* In re Subscription Television of Greater Atlanta, 789 F.2d 1530, 1532 (11th Cir. 1986). As the Eleventh Circuit explained,

> By requiring the court to determine the reasonable necessity of the newly entered contract under §503(b), Congress has insured some judicial control over the determination of what executory contracts will be granted administrative expense priority. The Code, in order to streamline reorganization procedure, allows a debtor in possession to enter into contracts in the ordinary course of business without seeking court approval. Thus, contracts initially entered into during reorganization, unlike contracts assumed during reorganization, will not have undergone court scrutiny. By limiting automatic administrative expense treatment under §365(g) to assumed contracts, and by requiring initially entered contracts to qualify under §503(b) in order to be granted an administrative expense priority, Congress has insured both similar treatment and similar procedural safeguards for these fundamentally similar obligations.
>
> In re Airlift Intern., Inc., 761 F.2d at 1509 n.5(*quoting* In re Chugiak, 18 B.R. 292, 297-98 (Bankr.D.Alaska 1982)(footnotes omitted)).

The Trustee argues that in order for a claim to qualify as an "actual, necessary cost and expense of preserving the estate" under 11 U.S.C. §503(b) "the benefit to the estate must be substantial and direct." Letter Brief, Dckt.No. 93 (November 15, 2007)(*citing* In re White Motor Corp., 831 F.2d 106 (6th Cir. 1987); In re Dahlgren Intern., Inc., 147 B.R. 393, 402 (N.D.Tex. 1992)). On the other hand, Applicant argues that the Trustee's position is "much in the minority" and that the Eleventh Circuit takes a much broader view of "the quantum of benefit required under §503(b) . . . " Supplemental Brief, Dckt.No. 94, p. 3 (November 15, 2007)(*citing* In re Carpet Center Leasing Co., 991 F.2d 682 (11th Cir. 1993); In re Colortex Indus., Inc., 19 F.3d 1371 (11th Cir. 1994)). I agree with Applicant for the following two reasons.

First, in all instances of determining whether to grant an administrative expense status to a claim, the Eleventh Circuit has never measured whether the benefit of the estate is "substantial and direct." *See* In re Colortex Indus., Inc., 19 F.3d at 1374-77; In re Carpet Center Leasing Co., 991 F.2d at 686-87(the court rejected trustee's argument in a converted Chapter 7 that "the creditor must establish that there has been an actual, concrete benefit to the estate on account of a transaction with the debtor which is beneficial to the estate" if the contract is a post-petition transaction.); In re N.P. Min. Co., 963 F.2d 1449, 1453-54 (11th Cir. 1992); In re Supscription Television of Greater Atlanta, 789 F.2d at 1532; In re Airlift Intern., Inc., 761 F.2d at 1508-09.

administrative expense status may be provided even when there is no benefit to the estate. In In re N.P. Min. Co., the Eleventh Circuit provided the Alabama Surface Mining Commission an administrative priority claim for payment of civil penalties that did not benefit the estate and were instead punishment for debtor's environmental violations. 963 F.2d at 1449-50.

This Court must analyze the specific facts of the case and the specific subject matter of the contract to determine whether an administrative expense priority is allowable. In re Subscription Television of Greater Atlanta, 789 F.2d at 1532. In doing this, a court must "strike" a balance "between the goal of maximizing the estate and the goal of encouraging on-going business with third parties to facilitate the continued operations of the business, and thus the reorganization." This Court must look at "'maintaining the estate in as healthy a form as possible for the benefit of creditors while allowing essential costs of administering an ongoing business venture to be paid up front, thereby giving the debtor its best shot at emerging as a vital concern.'" In re Colortex Indus., Inc., 19 F.3d at 1377(*quoting* In re Dant & Russell, Inc., 853 F.2d 700, 706-07 (9th Cir. 1988)). More specifically:

> That which is actually utilized by a trustee in the operation of a debtor's business is a necessary cost and expense of preserving the estate and should be accorded the priority of an administrative expense. That which is thought to have some potential benefit, in that it makes a business more likely salable, may be a benefit but its too speculative to be allowed as an 'actual, necessary cost and

expense of preserving the estate.'

In re Subscription Television of Greater Atlanta, 789 F.2d at 1532; see In re Carpet Center Leasing Co. 991 F.2d at 687.

In the present case, Debtor "actually utilized" the property to operate her business. In her business judgment, she felt that a new location which she viewed as more desirable was needed to benefit the estate and the other creditors. Without the new location, Debtor would have been unable to continue her business and unable to make payments to the Trustee. At the time of confirmation of the plan, creditors and the Trustee were aware that this business was her only source of income from which payments would be made and were also on notice at the time of the petition that the business would relocate. See Chapter 13 Petition, Dckt.No.1, Schedule G. (states that the Debtor only intended to assume the original lease for the business until November 30, 2006). During the pendency of the case, Debtor's business grossed over $55,584.58. While it did not ultimately turn a profit, the business premises were actually used and essential to generating the revenue stream which was the sole possible source of a successful reoganization. Therefore, I hold that Applicant is entitled to an administrative expense priority. This analysis does not change because Debtor's business later failed and the case was converted to Chapter 7. See In re Carpet Center Leasing Co., 991 F.2d at 684, 686-88, (Creditor holding security interest in debtor's fleet of trucks applied for an administrative expense priority in a converted Chapter 7 for diminution in value of collateral due to its continued use by the debtor-in-possession after imposition of the automatic stay in Chapter 11. In holding that the creditor was entitled to such a priority,

the court did not address the fact the business later failed nor the fact that the case was converted to a Chapter 7.); *see also* <u>In re Colortex Indus., Inc.</u>, 19 F.3d at 1373-84:

> The principal purpose of according administrative priority to claims for benefit to the estate is to prevent unjust enrichment of the debtor's estate, rather than simply to compensate the claimant. Conceptually, the costs of administration are a kind of priority afforded to those who either help preserve and administer the estate or who assist with the rehabilitation of the debtor so that all creditors will benefit.

In light of binding authority, I hold that disallowance of Applicant's priority claim would be punitive. Applicant entered a lease with Debtor in a good faith effort to facilitate Debtor's reorganization and disallowance of priority would undermine the essential purpose of the Code provision.

## O R D E R

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the application is granted and Whitemarsh Island Properties, LLP, is allowed a priority claim in the Chapter 13 case of $35,055.88.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 24 day of January, 2008.